UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEWANA WATTS                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 3:25-CV-179-KHJ-MTP

BLUE BELL CREAMERIES, L.P.                                     DEFENDANT

ORDER

Before the Court is Defendant Blue Bell Creameries, L.P.'s ("Blue Bell") [3] Motion to Dismiss. For the reasons stated below, the Court denies Blue Bell's [3] Motion without prejudice and allows Plaintiff DeWana Watts ("Watts") 14 days from the date of this Order to amend her [1] Complaint to plead her best case.

I.    Background

Watts worked at Blue Bell from April 2022 through November 2024, first as an office clerk and later as office manager. [1] ¶ 5. Blue Bell terminated her employment on November 25, 2024, after she left work early due to illness. *Id.* ¶ 19, 20. Blue Bell told her she was fired because she had abandoned her job. *Id.* ¶ 19.

Watts now claims she "faced several instances of harassment" while she worked at Blue Bell. *Id.* ¶ 7. She says that Blue Bell treated her differently from her white colleague, failed to properly address two aggressive incidents, engaged in racially motivated hiring and firing procedures, and wrongfully terminated her after she left work early due to a medical issue. *Id.* ¶¶ 6–21.

On November 27, 2024, Watts filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and she received a right-to-sue letter on December 17, 2024. *Id.* ¶¶ 22–23. In March 2025, she sued Blue Bell, alleging (1) racial discrimination in violation of Title VII of the Civil Rights Act, (2) racial discrimination in violation of 42 U.S.C. § 1981, (3) hostile work environment in violation of Title VII of the Civil Rights Act, and (4) retaliation in violation of Title VII of the Civil Rights Act. *Id.* ¶¶ 24–44.

Blue Bell now moves to dismiss the [1] Complaint, arguing that Watts failed to exhaust her administrative remedies as to certain claims and failed to state a claim for which relief can be granted. *See* [3].

II.     Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation modified). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.*

Rule 12(b)(6) dismissal may be appropriate where a plaintiff has failed to exhaust her administrative remedies. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) (per curiam). In Title VII cases, "[p]rivate sector employees must satisfy th[e] requirement [to exhaust administrative remedies] by filing an administrative charge with the EEOC." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006)).

III.    Analysis

Blue Bell offers three arguments for dismissal: (1) Watts's [1] Complaint goes beyond the scope of her EEOC charge, (2) some of Watts's claims are time-barred, and (3) Watts failed to state a claim on all counts. Def.'s Mem. Supp. Mot. [4] at 1. In response, Watts insists she exhausted her administrative remedies and stated a claim but nevertheless requests leave to amend her [1] Complaint. Pl.'s Mem. Opp'n Mot. [7] at 5–9. The Court rejects Blue Bell's first argument for dismissal and grants Watts leave to amend to clarify the dates challenged in Blue Bell's second argument. Because the Court grants Watts leave to amend, Blue Bell's third argument is premature.

First, the Court rejects Blue Bell's argument that Watts failed to exhaust her administrative remedies because her [1] Complaint mentions incidents outside the scope of the EEOC charge. [4] at 5–8. True enough, Watts's [1] Complaint mentions additional facts that were not mentioned in the EEOC charge. But Watts's [1] Complaint need not be a carbon copy of the EEOC charge. In fact, "[t]he universe of

claims a plaintiff can properly advance in a Title VII suit is set by the *contours* of the [charge]." *Stingley v. Watson Quality Ford*, 836 F. App'x 286, 291 (5th Cir. 2020) (per curiam) (emphasis added). Watts's [1] Complaint can be based "upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fellows v. Universal Rest., Inc.*, 701 F.2d 447, 450–451 (5th Cir. 1983). The Court finds that the additional details set forth in the [1] Complaint are sufficiently "like or related" to the facts set forth in the EEOC charge and "could reasonably be expected to grow out of the initial charges of discrimination." *Id.*; *See also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 464–465 (5th Cir. 1970) (finding "continuity running through the original charge . . . to the judicial pleadings which followed" even though the judicial complaint "contain[ed] new and distinct allegations which are not found in [the] charge filed with the EEOC"). Therefore, the Court rejects Blue Bell's first argument.

Next, the Court grants Watts leave to amend the dates mentioned in her [1] Complaint. Blue Bell argues that some incidents in Watts's Complaint are time-barred because Watts did not file the EEOC charge within 180 days of the occurrence. [4] at 5–8. Blue Bell argues that "[a]lthough Watts does not provide exact dates for most of the complained-of conduct, any alleged act that occurred before May 31, 2024 (180 days before [Watts filed the EEOC charge]) is time barred." *Id.* at 6 (citing *Vann v. City of Meridian*, No. 3:21-CV305-DPJ-FKB, 2023 WL 4919671, at *2 (S.D. Miss. Aug. 1, 2023)). Watts responds by requesting leave to

amend her Complaint "[t]o the extent that certain dates related to [her] Title VII discrimination and hostile work environment are unclear." [7] at 5. The Court grants Watts's request for leave and advises her to clarify these dates and show her claims are timely.

Finally, because the Court grants Watts leave to amend her [1] Complaint, Blue Bell's failure to state a claim argument is premature. According to Blue Bell, Watts's Title VII hostile work environment claim shows merely "an uncomfortable or uncivil work environment" but not a hostile work environment. [4] at 8–19. Blue Bell also argues Watts's Title VII retaliation claim fails because some of her allegations "fail to raise or reference an issue of race discrimination necessary to be considered protected activity" and do not establish a causal connection between a protected activity and her termination. *Id.* at 13–14. Lastly, Blue Bell says Watts's Title VII and Section 1981 discrimination claims fail because Watts does not plead facts that show Blue Bell terminated her because of her race. *Id.* at 16, 18. Watts responds by asking the Court to allow her to amend her Complaint "[t]o the extent [her] retaliation claim needs clarification." [7] at 6–8. The Court grants Watts leave to amend her [1] Complaint. So Blue Bell's argument is premature.

IV.    Conclusion

The Court DENIES Defendant's [3] Motion to Dismiss without prejudice and GRANTS Watts 14 days from the date of this Order to amend her [1] Complaint and plead her best case. If she does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

SO ORDERED, this 3rd day of September, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE